10 F.3d 806
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy O'Neal HART, Defendant-Appellant.
 No. 93-5228.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 25, 1993.
Decided: November 5, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.
 Hunt L. Charach, Federal Public Defender, Leonard Kaplan, Assistant Federal Public Defender, for Appellant.
 R. Brandon Johnson, Assistant United States Attorney, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Following a guilty plea, Randy O'Neal Hart was convicted on one count of possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. Secs. 5861(d), 5871 (1988). The district court sentenced him to eighteen months in prison, plus a three year term of supervised release. He appeals his sentence. Hart's attorneys have filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but indicating that, in their view, there are no meritorious issues for appeal. Hart has not filed a supplementary pro se brief.
 
 
 2
 The district court assigned Hart a final offense level of fifteen under the United States Sentencing Commission, Guidelines Manual (Nov. 1992); this reflected a base level offense of eighteen under U.S.S.G. Sec. 2K2.1(a)(5), reduced by a downward adjustment of three offense levels for acceptance of responsibility. U.S.S.G. Sec. 3E1.1. Hart had no prior criminal convictions, which placed him in Criminal History Category I. Hart's guideline range was eighteen to twenty-four months in prison and he also was subject to two to three years of supervised release.* U.S.S.G. Secs. 5A (Sentencing table), 5D1.2(b)(2); 18 U.S.C. Sec. 3559(a)(1)(C) (1988). Thus, the district court sentenced Hart to the minimum prison term and the maximum supervised release term within the applicable guideline provisions.
 
 
 3
 On appeal, Hart claims that in imposing the supervised release term, the district court failed to consider the factors cited in 18 U.S.C.A. Sec. 3583(c) (West Supp. 1993), and abused its discretion in determining the length of the term. Hart failed to raise these claims during sentencing. Generally, the failure to object during the sentencing hearing to an alleged error in a sentence results in waiver of the right to appeal that issue. United States v. Davis, 954 F.2d 182, 187 (4th Cir. 1992). However, the plain error rule allows an appellate court to correct "particularly egregious errors" that "seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v. Young, 470 U.S. 1, 15 (1985); Fed. R. Crim. P. 52(b). This rule should be used "sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." Young, 470 U.S. at 15. We find no plain error in this case.
 
 
 4
 Section 3583(c) of Title 18, United States Code Annotated, requires a district court to consider several factors listed in 18 U.S.C.A. Sec. 3553(a) (West 1985 & Supp. 1993) in determining the length and conditions of a supervised release term. Although the district court did not discuss these factors at the sentencing hearing, nothing in the statute or in the Federal Rules of Criminal Procedure requires the sentencing court to state on the record that it has considered each one. Moreover, the record shows that the district court took care to comply with the guidelines and the sentencing statute and that Hart received a sentence within the applicable guideline range. Where a sentence is within the guideline range, the judge need not provide additional reasoning for the sentence. See United States v. West, 898 F.2d 1493, 1503 (11th Cir. 1990) (finding no error where court failed to express consideration of Sec. 3583 factors), cert. denied, 498 U.S. 1030 (1991). Accordingly, we find no plain error.
 
 
 5
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. We deny Hart's counsel's motion to withdraw. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A.Sec. 3006A (West 1984 & Supp. 1993)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 6
 The judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Hart faced a maximum statutory sentence of ten years in prison. 26 U.S.C. Sec. 5871 (1988)